United States District Court for the
Eastern District of Tennessee

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 2:19-CR-30 |
| | ) | |
| ANTHONY EUGENE LONG | ) | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on January 23, 2020. At the hearing, defendant moved to withdraw his not guilty plea to Count One and Count Eleven of the Indictment and entered a plea of guilty to both counts, that is, of conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One), and conspiracy to transmit or transfer monetary instruments or funds knowing that the monetary instruments or funds were proceeds of an unlawful activity and with the intent to promote the carrying on of a specified unlawful activity (money laundering), in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(h) (Count Eleven), in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count One and Count Eleven of the Indictment be granted, his plea of guilty to the charges in Count One

and Count Eleven of the Indictment, that is, of conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and conspiracy to transmit or transfer monetary instruments or funds knowing that the monetary instruments or funds were proceeds of an unlawful activity and with the intent to promote the carrying on of a specified unlawful activity (money laundering), in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(h), be accepted, the Court adjudicate defendant guilty of Count One and Count Eleven of the indictment, that is, of conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and conspiracy to transmit or transfer monetary instruments or funds knowing that the monetary instruments or funds were proceeds of an unlawful activity and with the intent to promote the carrying on of a specified unlawful activity (money laundering), in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(h), and a decision on whether to accept the plea agreement be deferred until sentencing. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

*C. Clifford Shirley*

C. Clifford Shirley,

United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).